

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NOS. PD-0581-22 & PD-0582-22

## BEECHER MONTGOMERY, Appellant

### v.

## THE STATE OF TEXAS

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE SECOND COURT OF APPEALS TARRANT COUNTY

KEEL, J., filed a concurring opinion in which SCHENCK, P.J., and YEARY and PARKER, JJ., joined.

## CONCURRING OPINION

Does the Sixth Amendment's Confrontation Clause apply to adjudication hearings? No. I agree with the majority and join its opinion because an adjudication hearing is not a "criminal prosecution," regardless of its outcome, and the respondent to the motion to adjudicate is not "accused," and the witnesses at the

hearing are not "against" him. *See generally Ex parte Zubiate*, 710 S.W.3d 724, 726-27 (Tex. Crim. App. 2025) (discussing inapplicability of Confrontation Clause to parole hearing).

The evidence at an adjudication hearing is offered to assess the defendant's performance on probation and not to establish guilt for a charged offense, so the hearing is not a criminal trial, and the evidence is not offered "against" the defendant in the ordinary sense of the Confrontation Clause. *Cf. Cruz v. New York*, 481 U.S. 186, 190 (1987) (noting that a witness whose testimony pertains to guilt is ordinarily considered a witness "against" an accused). Furthermore, the defendant at an adjudication hearing is not "accused" of the crime for which he is on community supervision. He lost the presumption of innocence when (1) he judicially confessed to it, and (2) the trial court found that the evidence substantiated his guilt. After that, his liberty is conditional. Tex. Code Crim. Proc. art. 42A.101(a); *see McNew v. State*, 608 S.W.2d 166, 176 (Tex. Crim. App. [Panel Op.] 1978) (op. on reh'g) (concluding that deferred adjudication "is a constitutional form of 'probation'" under Tex. Const. art. III, § 1); *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) (holding that parole revocation hearings are not criminal prosecutions because, among other things, revocation deprives the

defendant of only conditional liberty); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (extending *Morrissey*'s reasoning and holding to probation revocation hearings).

Moreover, *Ex parte Doan* is irrelevant. It says nothing about the applicability of the Confrontation Clause to adjudication hearings. *See Ex parte Doan*, 369 S.W.3d 205, 212 (Tex. Crim. App. 2012). It asked whether *res judicata*—a Fifth Amendment concept—barred "a prosecution for a criminal offense in [Travis] county after a prosecutor in [Brazos]- county" tried but failed to revoke the defendant's community supervision for commission of the Travis County crime. *Id.* at 205–06. It decided the issue on state law grounds rather than federal constitutional considerations. *Id.* at 212–13. Its conceptual underpinnings were unclear. *See id.* at 221–23 (Keller, P.J., dissenting). But whatever they were, *Doan* had nothing to say about confrontation.

The singular issue here is the applicability of the Confrontation Clause to adjudication hearings. It does not apply. And the hearing's outcome—whether revocation of community supervision or something else—is immaterial to the analysis.

Filed: July 2, 2026

Publish